FILED

1    08-0238\PC080915.final.wpd

GREEN & SHINEE, A P.C.

2    ELIZABETH J. GIBBONS, SBN 147033    2008 SEP 16  AM 11: 55

16055 Ventura Boulevard, Suite 1000

3    Encino, CA, 91436    CLERK U.S. DISTRICT COURT

Telephone: (818) 986-2440    CENTRAL DIST. O  CALIF.

4    Facsimile: (818) 789-1503    LOS ANGELES

gsras@socal.rr.com    BY _____

5

6    GOYETTE & ASSOCIATES

PAUL Q. GOYETTE, SBN 137250

7    GARY G. GOYETTE, SBN 224715

11344 Coloma Road, Suite 145

8    Gold River, CA 95670

Telephone: (916) 851-1900

9    Facsimile: (916) 851-1995

info@goyette-assoc.com

10    goyetteg@goyette-assoc.com

11    Attorneys for Plaintiffs

12          UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14    ASSOCIATION FOR LOS ANGELES    Civ. No. EDCV08-1267 SGL (MANx)

DEPUTY SHERIFFS (ALADS),

15    MICHAEL ASCOLESE, ROBERT    [COLLECTIVE ACTION]

CONNOR, MARCELLO CURKO,

16    MARK ERBACKER, DEAN    COMPLAINT FOR:

GALARNEAU, GEORGE

17    HOFSTETTER, JAMES LARKIN,    (1)   UNPAID OVERTIME

FRANK ROTHE and MARK SALLES         (29 U.S.C. §§ 201 et seq.)

18    on behalf of themselves individually and    (2)   IMPROPER CTO ACCRUAL

all others similarly situated,         (29 U.S.C. § 207(o) )

19                       (3)   LIQUIDATED DAMAGES AND

         Plaintiffs,              INTEREST

20                       (29 U.S.C. § 216)

v.                   (4)   REASONABLE ATTORNEYS

21                       FEES AND COSTS

COUNTY OF LOS ANGELES, LEROY         (29 U.S.C. § 216)

22    BACA, individually and as SHERIFF of    (5)   DECLARATORY and

LOS ANGELES COUNTY, and DOES 1        INJUNCTIVE RELIEF

23    through 10, inclusive,

24          Defendants.         DEMAND FOR JURY TRIAL

25

26

27

28

                 -1-

                      COLLECTIVE ACTION COMPLAINT

08-0238\PC080915.final.wpd
GREEN & SHINEE, A P.C.
ELIZABETH J. GIBBONS, SBN 147033
16055 Ventura Boulevard, Suite 1000
Encino, CA, 91436
Telephone: (818) 986-2440
Facsimile: (818) 789-1503
gsras@socal.rr.com

GOYETTE & ASSOCIATES
PAUL Q. GOYETTE, SBN 137250
GARY G. GOYETTE, SBN 224715
11344 Coloma Road, Suite 145
Gold River, CA 95670
Telephone: (916) 851-1900
Facsimile: (916) 851-1995
info@goyette-assoc.com
goyetteg@goyette-assoc.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS (ALADS), MICHAEL ASCOLESE, ROBERT CONNOR, MARCELLO CURKO, MARK ERBACKER, DEAN GALARNEAU, GEORGE HOFSTETTER, JAMES LARKIN, FRANK ROTHE and MARK SALLES on behalf of themselves individually and all others similarly situated, | Civ. No. |

Plaintiffs,

v.

COUNTY OF LOS ANGELES, LEROY BACA, individually and as SHERIFF of LOS ANGELES COUNTY, and DOES 1 through 10, inclusive,

Defendants.

_____

**[COLLECTIVE ACTION]**

**COMPLAINT FOR**:

(1)   UNPAID OVERTIME
        (29 U.S.C. §§ 201 et seq.)
(2)   IMPROPER CTO ACCRUAL
        (29 U.S.C. § 207(o) )
(3)   LIQUIDATED DAMAGES AND
        INTEREST
        (29 U.S.C. § 216)
(4)   REASONABLE ATTORNEYS
        FEES AND COSTS
        (29 U.S.C. § 216)
(5)   DECLARATORY and
        INJUNCTIVE RELIEF

**DEMAND FOR JURY TRIAL**

COLLECTIVE ACTION COMPLAINT

# I. **INTRODUCTION**

1.      This is an "opt-in" collective action pursuant to 29 U.S.C. §216(b) seeking unpaid overtime compensation and compensatory time off ("CTO"), as well as applicable interest, liquidated damages, declaratory relief & injunctive relief, and reasonable attorneys fees and costs, brought by named Plaintiffs the Association for Los Angeles Deputy Sheriffs ("ALADS"), Michael Ascolese, Robert Connor, Marcello Curko, Mark Erbacker, Dean Galarneau, George Hofstetter, James Larkin, Frank Rothe and Mark Salles, on behalf of themselves individually and on behalf of all other County of Los Angeles Sheriff's Department Deputies,  who are similarly situated to the named Plaintiffs.  For at least three years prior to the filing of this lawsuit, Defendant County of Los Angeles has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to provide overtime compensation or any compensation to Deputies of its Sheriff's Department for the pre and post shift time spent  preparing, maintaining, donning ('putting on') and doffing ('taking off') designated Department uniforms and special protective gear.  All such time is compensable under the FLSA, yet the County of Los Angeles has failed to provide overtime compensation for such time incurred  by its Sheriff's Department Deputies. Defendant County of Los Angeles has also violated the FLSA by at times providing CTO on only an hour-for-hour basis, instead of the required hour and a half for each overtime hour worked basis, to the same Sheriff's Deputies. Plaintiffs seek proper overtime compensation for all such pre and post shift time incurred and seek properly accrued CTO, as well as liquidated damages equal to such improperly withheld overtime compensation and/or CTO, as allowed under the FLSA, and interest on such damages. Plaintiffs also seek declaratory relief such that the Court will declare the County has violated the FLSA by failing to provide overtime compensation for all pre and post shift time associated with required uniforms & special protective gear and by failing to provide properly accrued CTO

COLLECTIVE ACTION COMPLAINT

to Plaintiffs and similarly situated employees.  In turn, Plaintiffs also seek injunctive relief such that the Court will order the County to cease such FLSA violations by providing proper overtime compensation and CTO  from this point forward.  Finally, Plaintiffs seek reasonable attorneys fees and costs as part of this collective action.

## II.  **PARTIES**

2.    The individuals named as Plaintiffs, Michael Ascolese, Robert Connor, Marcello Curko, Mark Erbacker, Dean Galarneau, George Hofstetter, James Larkin, Frank Rothe and Mark Salles, at all times pertinent to this action were and still are members of ALADS, and were employed by Defendant County of Los Angeles and/or still are employed by Defendant County of Los Angeles. Since this lawsuit is a 'collective action' under the FLSA, these named Plaintiffs are acting as representatives for all similarly situated past and present employees of Defendant County of Los Angeles, including sworn patrol Deputies employed by the Los Angeles County Sheriff's Department who were and/or are members of ALADS (as part of Bargaining Unit No. 611), and including custodial Deputies, Court Services Deputies, and Detectives employed by the same Sheriff's Department who also were and/or are members of ALADS (as part of Bargaining Unit No. 611).  These  named Plaintiffs have consented to represent all such similarly situated past and present employees of Defendant County, and have consented to "opt-in" to this FLSA collective action, as required by 29 U.S.C. § 216(b),  as shown by their signed consents which will be filed with the Court shortly after the filing of this Complaint.

3.    Defendant County of Los Angeles, ("County" or "Defendant County") is, and at all times mentioned herein was, a local government subdivision of the State of California, governed by the Meyers-Milias-Brown Act ("MMBA") as a public agency as defined at CA Gov. Code § 3501(c).  The County is duly organized, validly existing, and administered under the laws of the State of

COLLECTIVE ACTION COMPLAINT

California.  For the purposes of this FLSA collective action and as a Defendant to this action, the County includes the Los Angeles County Sheriff's Department ("LASD") and all agents, employees, attorneys, accountants, investigators, officers, directors, representatives, and anyone else acting on behalf of this Department and/or on behalf of the County.

4.     Defendant LEROY BACA is and at all times applicable to and relevant to this collective action has been the Sheriff for LASD and is sued individually and in his capacity as the Sheriff for LASD.  He is a United States citizen and a resident of the state of California.

5.     At all times herein mentioned each of DOES 1 through 10, inclusive, was the agent, servant, and/or employee of Defendant County, and in doing the things herein alleged was acting in the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of Defendant County.

6.     The true names and capacities, whether individual, associate or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the Defendants, DOES 1 through 10, inclusive, are responsible in negligence, warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused and continue to cause the violation of the rights of the Plaintiffs as herein alleged.

7.     At all times relevant to this collective action, Defendant County of Los Angeles, including LASD, has been an employer as defined within the FLSA, and at all time relevant to this collective action the Plaintiffs have been employees of Defendant County, including LASD, as defined within the FLSA.

COLLECTIVE ACTION COMPLAINT

### III.  JURISDICTION

8.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 7 as though fully set forth herein.

9.     Plaintiffs in this FLSA collective action bring causes of action limited to alleged violations by the County of the FLSA for overtime compensation and CTO pursuant to 29 U.S.C. §§ 201 et seq., for liquidated damages, interest, attorneys fees and costs pursuant to 29 U.S.C. §§ 216, and for damages associated with intentional conduct pursuant to 29 U.S.C. § 255.  Since the causes of action are based only on Federal statutes, jurisdiction in Central District Federal Court is proper pursuant to 28 U.S.C. § 1331.

### IV.  VENUE

10.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 9 as though fully set forth herein.

11.     Venue for this FLSA collective action in the Central District of California Federal Court is proper pursuant to 28 U.S.C. §1391(b) since Defendant County resides within this Central District and since the majority of events giving rise to the claims in this complaint, namely the County's Sheriff's Department employees working without being provided overtime compensation for pre and post shift time incurred involving uniforms & special protective gear, occurred and continue occur within the Central District Court's judicial district.

### V.  FACTUAL ALLEGATIONS

12.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 11 as though fully set forth herein.

13.     All the named Plaintiffs have worked for the County, and/or continue to work for the County, during some portion or all of the time period pertinent to this action, including the period from September 12, 2005 to September 12, 2008 and going forward.

14.     During at least the three (3) years prior to the filing of this collective

COLLECTIVE ACTION COMPLAINT

action, and continuing to the present time, Defendant County has routinely required Plaintiffs and all similarly situated employees to incur time both prior to and following designated times for paid work shifts during which uniforms and special protective gear required for their work with the LASD had to be donned, doffed, prepared, maintained or otherwise cared for, but for which the County provided no overtime compensation.

15.    The time incurred by named Plaintiffs and all similarly situated employees involving uniforms and special protective gear has occurred and continues to occur on a regular basis; specifically, named Plaintiffs and all similarly situated employees incur time involving uniforms and special protective gear on each and every day they perform work for the LASD.

16.    The time spent by named Plaintiffs and all similarly situated employees involving uniforms and special protective gear on a regular basis includes, but is not limited to, the following:

        a.    The donning, doffing, cleaning, maintaining and otherwise caring for bullet proof vests (soft body armor);

        b.    The donning, doffing, preparation of, maintaining and otherwise caring for gear/utility belts and associated components worn on such belts, including holsters, key keepers, handcuff cases, ammunition pouches, baton holders, batons, handcuffs, Department issued handguns, ammunition and ammunition clips, mace and flashlights.

        c.    The donning, doffing, washing or shining, and otherwise caring for uniforms and associated badges, protective footwear and other gear to facilitate proper identification as representatives of the LASD;

        d.    The stocking, preparation of, and other care of First Aid kits, supplies and materials required to be carried and/or used on the

job;

e.    The stocking, preparation of, and other care of gear or 'war'
       bags and all associated equipment, supplies and materials
       required to be kept in and used from such bags on a daily basis.

f.    The preparation of and care for associated other special
       protective gear required for work with the LASD.

17.    The named Plaintiffs and all similarly situated employees are required
by Defendant County to prepare and use the uniforms and special protective gear
listed in Paragraph No. 16 of this Complaint for their work with the LASD.

18.    The named Plaintiffs and all similarly situated employees are required
to don, doff, prepare, care for, or otherwise incur time associated with the uniforms
and special protective gear required for their work with the LASD both prior to,
and following designated paid shift times; named Plaintiffs and all similarly
situated employees are not provided any overtime compensation or any other
compensation by the County for such time spent with uniforms and special
protective gear required for the work performed for the LASD.

19.    The time incurred by each named Plaintiff and each similarly situated
employee on a daily basis for each day during which work is performed for the
LASD involving donning, doffing, preparation of, or otherwise caring for uniforms
and special protective gear required for the work performed in the LASD  averages
between 30 and 60 minutes *or more* per named Plaintiff and similarly situated
employee  per work day, for which the County provides no overtime compensation
or any other compensation to any of the named Plaintiffs or to any similarly
situated employees.

20.    The named Plaintiffs and all similarly situated employees are required
to attend briefings (or 'roll call') at the beginning of each paid work shift, and are
required to attend such briefings on time and may not be late.  If the named
Plaintiffs and/or any of the similarly situated employees required to attend these

COLLECTIVE ACTION COMPLAINT

briefings are late to such briefings, they are subject to receiving informal and formal discipline which will be reflected in their Personnel files.

21.     The named Plaintiffs and similarly situated employees of the LASD are also at times required to conduct various pre-shift tasks which take place prior to their regularly paid work shift.  Such tasks may include, but are not limited to, retrieving a patrol vehicle from a location different from the station the employee is assigned to, placing the gear or "war" bag in the patrol vehicle, along with any other equipment necessary for the shift, preparing  courtrooms for the public, preparing the lock-up area of courthouses for inmates, and any other tasks which may be required for the Plaintiffs and/or similarly situated employees to carry out the functions of law enforcement as required by the LASD.  The named Plaintiffs and all similarly situated employees are not provided any overtime compensation or any other compensation by the County for such pre-shift tasks as required for the work performed for the LASD.

22.     The named Plaintiffs and similarly situated employees of the LASD are also at times required to conduct various post-shift tasks which take place after their regularly paid work shift.  Such tasks may include, but are not limited to, fueling up the patrol car at the end of each shift so it is ready for the next shift, participating in any briefings to and for the benefit of employees assigned to oncoming shifts, as well as any and all other tasks required to be completed before the Plaintiff and/or similarly situated employee may go off duty, but which take place after the end of the regularly scheduled work shift.  The named Plaintiffs and all similarly situated employees are not provided any overtime compensation or any other compensation by the County for such post-shift tasks as required for the work performed for the LASD.

23.     Defendant County has, during the time period applicable to this collective action and at least during some or all of the time period from September of 2005 going forward, improperly provided CTO to the named Plaintiffs and

COLLECTIVE ACTION COMPLAINT

similarly situated employees of the LASD on an hour-for-hour basis, instead of using the one and one half hour for each overtime hour worked basis for CTO required by the FLSA; the named Plaintiffs and similarly situated employees of the LASD have therefore been denied portions of CTO which should have been accrued and credited for use by such employees.

24.    At all times pertinent to this action, Defendant County has intentionally chosen  not to provide any overtime compensation or any other compensation to named Plaintiffs or to all similarly situated employees for the time associated with uniforms and special protective gear both prior to and following designated paid shift times, despite the fact that the County requires all such time to be incurred by the named Plaintiffs and all similarly situated employees, and despite the fact that the County knew and still knows, through the LASD Sheriff and through managerial & supervisory employees working under the Sheriff that such  pre and post shift time was and is incurred by the named Plaintiffs and by similarly situated employees who work for the LASD;  accordingly a three year statute of limitations and recovery period applies to this collective action, pursuant to 29 U.S.C. §255.

25.    At all times pertinent to this action, Defendant County knowingly chose not to provide overtime compensation or any other compensation to named Plaintiffs and to all similarly situated employees of the LASD for all time spent both prior to and following designated paid work shifts during which named Plaintiffs and similarly situated employees had to don, doff, prepare, or otherwise care for uniforms and special protective gear required by the County for the work performed for the LASD; the County has failed to provide any compensation for all such time associated with uniforms and special protective gear despite the fact that all such time spent donning, doffing, preparing, or otherwise caring for such uniforms and special protective gear is required by the County for Plaintiffs and all similarly situated employees who work for the LASD, and despite the fact that the

COLLECTIVE ACTION COMPLAINT

County knew and still knows, through the LASD Sheriff and managerial & supervisory employees working under the Sheriff, that such  pre and post shift time was and is incurred by the named Plaintiffs and by similarly situated employees who work for the LASD.  Accordingly, the County cannot show any good faith belief that overtime compensation should not have been provided for such time, and therefore the County, owes liquidated damages pursuant to 29 U.S.C. §216 and U.S.C. §260 in an amount equal to all other overtime compensation owed to Plaintiffs and all similarly situated employees for all pre and post shift time spent associated with uniforms and special protective gear.

## VI.  **COLLECTIVE ACTION ALLEGATIONS**

26.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 25, as though fully set forth herein.

27.    The named Plaintiffs bring this action individually on their own behalf, and collectively on behalf of all other past and present employees of the County who are similarly situated, as a 'collective action' as allowed by 29 U.S.C. §216; the 'class' of past and present County employees who are similarly situated to the named Plaintiffs includes all past and present sworn patrol Deputies employed by the LASD who were and/or are members of ALADS (as part of Bargaining Unit No. 611), as well past and present custodial Deputies, court services Deputies, and Detectives employed by the LASD who were and/or are members of ALADS (as part of Bargaining Unit No. 611) who have worked for the County within the time period pertinent to this action, and who have incurred any time, either prior to or following designated paid work shift times, donning, doffing, preparing, maintaining or otherwise caring for uniforms and/or any special protective gear required by the County for work performed for the LASD, as well as additional pre and post-shift activity, for which the County provided  no overtime compensation or any other compensation. The 'class' for this collective action of past and present County employees who are similarly situated to the

named Plaintiffs also includes all past and present sworn patrol Deputies employed by the LASD who were and/or are members of ALADS (as part of Bargaining Unit No. 611), as well as all past and present custodial Deputies, court services Deputies, and Detectives employed by the LASD who were and/or are members of ALADS (as part of Bargaining Unit No. 611) who have worked for the County and who have accrued CTO on an hour-for-hour basis for any amount of CTO accrued within the time period pertinent to this action, as opposed to the hour and a half of CTO for each hour of overtime worked basis which is required by the FLSA.

28.     The named Plaintiffs are similarly situated to all individuals in the class just described for this "opt-in" collective action because, like all individuals in the "opt-in" class, the named Plaintiffs incur time on a regular basis, both prior to and following designated paid shift times, during which they must don, doff, prepare for, or otherwise care for uniforms and special protective gear required by the County for their work for the LASD, as well as additional pre and post-shift activity, but for which they are provided no overtime compensation or any other compensation by the County.

## VII.  TORT CLAIMS ACT COMPLIANCE

29.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 28 as though fully set forth herein.

30.     On behalf of other named Plaintiffs and all similarly situated "opt-in" class members, named Plaintiffs ALADS and George Hofstetter have filed Government Tort Claims against Defendants pursuant to CA Gov. Code §§ 905 et. seq. for the claims alleged herein.

31.     Named Plaintiff ALADS filed a tort claim against Defendant County  on August 26, 2008, which was acknowledged as received by the County via an acknowledgment card sent by U.S. mail, received on September 2, 2008, and further acknowledged as rejected by the County via letter sent by U.S. mail dated September 8, 2008.  Therefore, Plaintiff ALADS' tort claim was rejected by

1    the County.

2        32.    Named Plaintiff George Hofstetter filed a tort claim against

3    Defendant County  on August 26, 2008, which was acknowledged as received by

4    the County via an acknowledgment card sent by U.S. mail, received on

5    September 2, 2008, and further acknowledged as rejected by the County via letter

6    sent by U.S. mail dated September 8, 2008.  Therefore, Plaintiff Hofstetter's tort

7    claim was rejected by the County.

8                    **VIII.   FIRST CAUSE OF ACTION**

9        **(Violation of the FLSA, 29 U.S.C. §§ 201 et seq., including § 207)**

10       33.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through

11   32 as though fully set forth herein.

12       34.    Based on the factual allegations stated, Defendant County has violated

13   and continues to violate the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.),

14   by failing to provide any overtime compensation, as required by § 207,  or any

15   other compensation to named Plaintiffs and to all similarly situated employees for

16   at least the past three years and continuing presently for time incurred both prior to

17   and following designated paid shift times during which the named Plaintiffs and

18   similarly situated employees don, doff, prepare, maintain or otherwise care for

19   uniforms and special protective gear required by the County for the work

20   performed for the LASD, as well as additional pre and post-shift activity.

21       35.    The County has violated and continues to violate the FLSA for

22   failing to provide overtime compensation for all such pre and post shift time at one

23   and one half times the named Plaintiffs and similarly situated employees' regular

24   hourly wage rates for all hours above forty (40.0) hours per week, as required by

25   the FLSA at 29 U.S.C. § 207; the applicable 'trigger' for this overtime pay is 40.0

26   hours per week as opposed to being the 171.0 hours per twenty-eight day work

27   period trigger (knows as the '7k exemption') sometimes applicable to peace

28   officers, because Defendant County has not adopted the FLSA '7k exemption' due

to no formal adoption being made, due to the fact the County pays the named Plaintiffs and similarly situated employees using half-month pay periods (as opposed to 28 day or 14 day pay periods), and due to the County's policies and practices of paying overtime above forty hours per week.

36.    The County's failure to provide overtime compensation for time incurred by Plaintiffs and similarly situated employees associated with uniforms & special protective gear violates the FLSA since such time is compensable, and since the specific overtime pay provisions of the FLSA at 29 U.S.C. § 207 require such time incurred by named Plaintiffs and similarly situated employees to be compensated with overtime pay.

37.    The County's failure to provide overtime compensation to named Plaintiffs and all similarly situated employees for time incurred associated with uniforms & special protective gear was willful within the meaning of 29 U.S.C. §255; accordingly, the County is liable for overtime compensation and any other compensation for such time for at least three years prior to the filing of this complaint.

## IX.   SECOND CAUSE OF ACTION

### (Violation of the FLSA,  29 U.S.C. §§ 201 et seq., including § 207(o) )

38.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 37 as though fully set forth herein.

39.    Based on the factual allegations stated, Defendant County has violated the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.),  by failing to provide compensatory time off ("CTO") to the named Plaintiffs and to similarly situated employees on an hour and a half for each hour of overtime worked basis,  as required by § 207(o), and instead has provided CTO on an hour-for-hour basis during some or all of the time applicable to this collective action, and at least from July of 2005 going forward

40.    The County's failure to properly provide CTO was willful within the

meaning of 29 U.S.C. §255; accordingly, the County is liable for failing to provide all accrued CTO to the named Plaintiffs and to similarly situated employees for at least three years prior to the filing of this complaint.

## X.   THIRD CAUSE OF ACTION

### (Declaratory Relief)

41.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 40  as though fully set forth in herein.

42.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning: the failure by Defendant County to provide overtime compensation for all time incurred both prior to and following designated paid shifts by named Plaintiffs and by similarly situated employees of the LASD while donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed for the LASD, as well as additional pre and post-shift activity.

43.    Plaintiffs desire a judicial determination that overtime pay at one and one half (1.5) times the regular rate of pay for Plaintiffs and similarly situated employees of the LASD  must be provided by the County for all time spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed for the LASD and that overtime pay is due for all such time incurred outside designated paid shift times and above 40 hours per week  per named Plaintiff and similarly situated employee of the LASD.

44.    The judicial declaration is necessary and appropriate at this time under the circumstances in order to allow named Plaintiffs and all similarly situated employees of the LASD to recover proper overtime compensation for all time spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed for the LASD during the time period pertinent to this action and to ensure proper overtime

1   compensation for such time incurred in the future.

2   ## XI.   FOURTH CAUSE OF ACTION

3   **(Injunctive Relief)**

4   45.     Plaintiffs  incorporate by reference and reallege paragraphs 1 through

5   44 as though fully set forth herein.

6   46.     Defendants, by their actions, have displayed their intent to continue

7   causing irreparable harm to the named Plaintiffs and similarly situated employees

8   who presently work for Defendants.  This harm  includes but is not limited to the

9   following: having to incur time both prior to and following designated paid shifts

10  spent donning, doffing, preparing, maintaining or otherwise caring for uniforms &

11  special protective gear required by the County for work performed for the LASD,

12  as well as additional pre and post-shift activity, without receiving any overtime

13  compensation for such time, even though such time is compensable under the

14  FLSA.

15  47.     Plaintiffs and similarly situated employees have no adequate remedy

16  at law for the harm that will be suffered due to their ongoing employment with

17  Defendants, will continue to suffer irreparable harm, and may be required to

18  initiate a multiplicity of lawsuits to protect their right to receive proper overtime

19  compensation for all time incurred both prior to and following designated paid

20  shifts spent donning, doffing, preparing, maintaining or otherwise caring for

21  uniforms & special protective gear required by the County for work performed for

22  the LASD.

23  ## XII.   PRAYER FOR RELIEF

24  WHEREFORE, Plaintiffs pray that this Court enter an Order in favor of

25  Plaintiffs and against Defendants awarding Plaintiffs relief as follows:

26  1.      For a determination that the Causes of Action under 29 U.S.C. §§201

27  et seq., may be maintained as an "opt-in" collective action under 29 U.S.C. §216(b)

28  as to the unnamed, but similarly situated employees of Defendant County's LASD;

-15-                    COLLECTIVE ACTION COMPLAINT

2.     For declaratory relief in the form of a determination made by the Court that the County has violated and continues to violate 29 U.S.C. §§201 et seq., by failing to provide overtime compensation for time incurred both prior to and following designated paid work shifts by Plaintiffs and similarly situated employees spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required by the County for work performed in the LASD;

3.     For injunctive relief in the form of an order by the Court that, based on the County's violation of 29 U.S.C. §§ 201 et seq., regarding the failure to provide overtime compensation for time incurred by Plaintiffs and similarly situated employees spent donning, doffing, preparing, maintaining  or otherwise caring for uniforms & special protective gear required by the County for work performed in the LASD, the County is prohibited from continuing to fail to provide overtime compensation for such time incurred by Plaintiffs and all similarly situated employees, and therefore must provide proper overtime compensation as applicable for all future work performed by the Plaintiffs and all similarly situated employees.

4.     For unpaid overtime pay compensation to named Plaintiffs and all similarly situated employees of Defendant County's LASD during the time period pertinent to this action for all time outside designated paid work shift times spent spent donning, doffing, preparing, maintaining or otherwise caring for uniforms & special protective gear required for work performed for the LASD when such time is above the 40.0 hour per week trigger for overtime pay for each named Plaintiff and for each similarly situated employee  for any given work week, as set forth at 29 U.S.C. §207(a);

5.     For all improperly denied CTO for named Plaintiffs and for similarly situated employees of Defendant's LASD who received CTO on an hour-for-hour basis during any portion of the time period applicable to this action.

COLLECTIVE ACTION COMPLAINT

1    6.    For additional liquidated damages, as authorized and quantified by 29

2  U.S.C. §216(b) equal to all damages under items Nos. 4 and 5 in this Prayer for

3  Relief;

4    7.    For pre-judgment interest at the prevailing legal rate;

5    8.    For reasonable attorneys' fees and costs, pursuant to 29 U.S.C.

6  §216(b);

7    9.    For such other and further relief at the Court may deem proper.

8  Dated:  September 16, 2008          Respectfully submitted,

9                                     GREEN & SHINEE, A P.C.

10

11                                     By:   /S/ - Elizabeth J. Gibbons

12                                           Elizabeth J. Gibbons, Esq.
                                             Attorneys For Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand trial of their claims by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and to the extent authorized by law.

Dated:  September 16, 2008             Respectfully submitted,

                                      GREEN & SHINEE, A P.C.


                                      By:   /S/ - Elizabeth J. Gibbons
                                            Elizabeth J. Gibbons, Esq.
                                            Attorneys For Plaintiff

COLLECTIVE ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## EDCV08- 1267 SGL (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ]  **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ]  **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X]  **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

GREEN & SHINEE, A P.C.
Elizabeth J. Gibbons, Esq., SBN 147033
16055 Ventura Blvd., # 1000, Encino, CA  91436
phone: (818) 986-2440; fax: (818) 789-1503
e-mail: gsras@socal.rr.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Association for Los Angeles Deputy Sheriffs (ALADS), (see attached)<br><br>PLAINTIFF(S)<br><br>v.<br><br>County of Los Angeles, Leroy Baca, individually and as Sheriff of Los Angeles County, and Does 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV08-1267 SGL (MANx)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):   To the above named defendants

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney,  Green & Shinee, A P.C. _____, whose address is  16055 Ventura Boulevard, Suite 1000, Encino, Calif. 91436 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  September 16, 2008 _____

By:  Natalie Gongora _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                              SUMMONS



1  08-0238\PC080915.final.wpd
   GREEN & SHINEE, A P.C.
2  ELIZABETH J. GIBBONS, SBN 147033
   16055 Ventura Boulevard, Suite 1000
3  Encino, CA, 91436
   Telephone: (818) 986-2440
4  Facsimile: (818) 789-1503
   gsras@socal.rr.com
5
   GOYETTE & ASSOCIATES
6  PAUL Q. GOYETTE, SBN 137250
   GARY G. GOYETTE, SBN 224715
7  11344 Coloma Road, Suite 145
   Gold River, CA 95670
8  Telephone: (916) 851-1900
   Facsimile: (916) 851-1995
9  info@goyette-assoc.com
   govetteg@goyette-assoc.com
10
11 Attorneys for Plaintiffs

12            UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14 ASSOCIATION FOR LOS ANGELES        Civ. No.
   DEPUTY SHERIFFS (ALADS),
15 MICHAEL ASCOLESE, ROBERT              [COLLECTIVE ACTION]
   CONNOR, MARCELLO CURKO,
16 MARK ERBACKER, DEAN                 COMPLAINT FOR:
   GALARNEAU, GEORGE
17 HOFSTETTER, JAMES LARKIN,          (1)  UNPAID OVERTIME
   FRANK ROTHE and MARK SALLES             (29 U.S.C. §§ 201 et seq.)
18 on behalf of themselves individually and  (2)  IMPROPER CTO ACCRUAL
   all others similarly situated,             (29 U.S.C. § 207(o) )
19                                     (3)  LIQUIDATED DAMAGES AND
20          Plaintiffs,                       INTEREST
                                              (29 U.S.C. § 216)
21 v.                                 (4)  REASONABLE ATTORNEYS
                                              FEES AND COSTS
22 COUNTY OF LOS ANGELES, LEROY            (29 U.S.C. § 216)
   BACA, individually and as SHERIFF of  (5)  DECLARATORY and
23 LOS ANGELES COUNTY, and DOES 1          INJUNCTIVE RELIEF
   through 10, inclusive,
24                                     DEMAND FOR JURY TRIAL
            Defendants.
25
26
27
28

                         -1-        COLLECTIVE ACTION COMPLAINT

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Association for Los Angeles Deputy Sheriffs (ALADS), Michael Ascolese, Robert Connor, Marcello Curko, Mark Erbacker, Dean Galarneau, George Hofstetter, James Larkin, Frank Rothe and Mark Salles, on behalf of themselves

and all other similarly situated,

**DEFENDANTS**
County of Los Angeles, Leroy Baca, individually and as Sheriff of Los Angeles County, and Does 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Green & Shinee 16055 Ventura Blvd #1000 Encino, CA 91436 (818)986-2440
Goyette & Assoc 11344 Coloma Rd #145 Gold River CA 95670 (916)851-1900

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ damages according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
unpaid overtime (29 USC §§201, et seq.); improper CTO accrual (29 USC §207(o)); liquidated damages and interest (29 USC §216); attorneys fees & costs (29 USC §216)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   EDCV08-1267

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☐ No   ☑ Yes
If yes, list case number(s): CV 08-05057; CV 07-01680

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ALADS, Ascolese, Connor, Curko, Erbacker, Galarneau, Levang - Los Angeles County; Hofstetter & Jimenez - San Bernardino County; Larkin & Rothe - Ventura; Salles - Riverside County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles - Los Angeles County Leroy Baca, Sheriff of Los Angeles County - Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  *Elizabeth Gibbons*                    Date  September 16, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |